# Providing Representation for Federal Employees Under Investigation by Their Inspector General

Neither the Department of Justice nor any other federal agency has authority to provide legal representation to a federal employee in disciplinary proceedings instituted by his own agency. Authority to provide counsel to a federal employee may be implied only where the employee's official conduct has been attacked by a nongovernmental plaintiff or a state prosecutive office, and not by an agency of the government itself.

An Inspector General's Office is an integral part of the agency in which it is located, and its investigation of an agency employee is thus analogous to an investigation of Department of Justice employees by the Criminal Division of the Department of Justice.

June 18, 1980

## MEMORANDUM OPINION FOR THE CHIEF COUNSEL, NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION

This is in response to your request for our views on the authority of the National Highway Traffic Safety Administration (NHTSA) to provide outside legal counsel to assist certain of its employees who are being investigated by the Office of Inspector General of the Department of Transportation for possible criminal conduct. We understand that the investigation stems from allegations made by a former employee of your agency. You state that it appears to NHTSA that its employees were carrying out official policy through activity within the scope of their assigned duties and that, in your view, the employees who are the objects of the Inspector General's investigation were engaged in the performance of an agency function during the period in question.

Although, as you indicated, this Department's guidelines for its provision of legal representation to federal employees, 28 C.F.R. §§ 50.15 and 50.16, do not cover the NHTSA personnel under investigation, it will nevertheless be helpful to note the basis of those guidelines.

Section 50.15 is grounded on this Department's position that under the authority of 28 U.S.C. §§ 516–517 and 28 U.S.C. § 509 it may in general either (1) assign lawyers on its staff to represent a federal employee in legal proceedings in which a civil claim or a criminal charge by a state governmental unit is being asserted against him for allegedly wrongful conduct in the discharge of his duties,[1] or (2) pay

---

[1] 28 C.F.R. § 50.15 also authorizes this Department to provide legal representation for a federal employee in congressional proceedings.

for private counsel for an employee when a conflict of interest makes it impossible for the Department to represent him. Legal assistance of either kind is deemed to be in the interest of the United States within the meaning of 28 U.S.C. § 517 because establishing the lawfulness of authorized conduct on its behalf is important to the government and making legal assistance available to employees tends to prevent their being deterred from the vigorous performance of their tasks by the threat of litigation.

Turning to your letter, we read it as concluding that it would be in the interest of the United States for NHTSA to provide legal counsel from its own ranks for the benefit of the employees being investigated. You point out, however, that your staff lawyers would necessarily encounter conflicts of interest in serving the employees, and you therefore propose that the Department of Transportation and NHTSA pay for outside counsel to assist them. Thus, there is to some extent a parallel between your proposal and action taken by this Department under 28 C.F.R. § 50.15. However, there is a divergence between the two, which leads us to the conclusion that our practice under that regulation does not lend support to your position here.

When § 50.15 comes into play, the impetus for the adverse action against the federal employee has come from outside his department or agency—that is, from a nongovernmental plaintiff in a civil suit or from a state prosecutive office. We are not aware of any authority of this Department under its own governing statutes or other laws that would permit it to provide legal representation to a federal employee in disciplinary proceedings instituted by his own department or agency, or, for that matter, in any investigation by his department or agency to determine whether such proceedings, or possibly criminal proceedings, should be instituted. Similarly, we are not aware of any legal authority for a governmental entity itself to furnish such assistance to one of its own employees in those circumstances. The interest of the United States in such cases is in ensuring that its employees adhere to the statutory and administrative standards of conduct laid down for their observance. It is one thing for a governmental organization to aid an employee under outside legal attack for actions taken in his official role, and another for the organization to aid an employee whom for its own part it may suspect of wrongful conduct.

At bottom, the question of representation is one that depends upon whether there exists a fair basis for concluding that Congress has granted to your agency the authority to provide counsel to employees who become subject to the type of administrative investigations initiated by your Inspector General. Nothing in the Act establishing the Office of Inspector General for the Department of Transportation grants that authority, and the only authority you have cited in the legislation generally governing the Department of Transportation is the

general housekeeping provision that empowers the hiring of contractors. *See* 5 U.S.C. § 3109; 49 U.S.C. § 1657. The contracting statutes do not, however, provide the substantive authority you seek; in general, they only provide a method of procedure for carrying into effect powers elsewhere granted. In the absence of explicit authority, this Department has adhered to the principle—also reflected in recent Comptroller General opinions—that authority to retain counsel may be implied where the employee's official conduct has been attacked and prosecuted by an individual outside the agency.

This distinction is exemplified in a recent Comptroller General opinion, Comp. Gen. Op. B–193536, June 18, 1979, which ruled that an agency could not properly reimburse an employee for legal fees paid in defending himself in agency proceedings against him on charges of misconduct which, although initially raised by an outside party, were not pursued by the latter but by the agency itself on the basis of its independent determination to investigate the employee's conduct. The opinion distinguished that situation from the one in an earlier opinion, Comp. Gen. Op. B–127945, April 5, 1979, involving a hearing, required by an agency's regulations, of charges of misconduct by two of its employees in the performance of their official duties where the charges were initiated and pursued in the prescribed administrative forum by a private party. The Comptroller General concluded in B–127945 that the agency could properly expend its appropriations for the provision of private legal services to the employees, absent the possibility of representation provided by the Attorney General or its own legal staff. The later opinion, B–193536, *supra,* noted specifically that in B–127945 and other cases in which the Comptroller General had approved such expenditures, "the conduct of the Federal employees was brought into issue and pursued by a third party and not by the Government itself." B–193536, p. 6.

We have considered your suggestion that an investigation by your department's Office of Inspector General seems more analagous to the case of an outside party challenging the actions of an agency employee, than to an internal agency proceeding where the interests of the agency and its employee conflict. It is true that an Inspector General appointed and serving under the Inspector General Act of 1978 is largely free of control by the head of his department or agency in relation to his investigative functions. Nevertheless, he is an integral part of his department or agency, is selected by and serves at the pleasure of the President, and performs duties that are carried out in lesser degree in all sizable organizations of the federal government. We have been unable to find, either in the statutory structure of Inspector General offices or in the legislative history of that Act, evidence of the unique status you have suggested. Because we cannot equate the position of the Inspector General in the current investigation of NHTSA employ-

ees to that of an outside party making charges against them, we are of the opinion that neither your department nor NHTSA may retain and compensate private lawyers to serve the employees being investigated by the Inspector General.

This investigation of NHTSA employees by the Department of Transportation's Inspector General is analogous, in our view, to an investigation of Department of Justice employees by the Criminal Division of the Department of Justice. Although the Department can sometimes provide representation for Justice employees who are defendants in civil cases or state criminal proceedings, as a general rule it has authority to provide such representation only after it has determined institutionally that the employees are being asked to answer for legally defensible conduct in the course and scope of their federal duties and that a defense of their conduct on the merits will therefore be tantamount to a defense of the United States itself, a legal entity that can act only through its agents. But when the Criminal Division initiates a criminal investigation of one of our own employees, the Department cannot have made that determination. The very purpose of the investigation is to make it—to decide what a defense of the interests of the United States requires, be it prosecution, exoneration, or something in between; and it is for that reason that the Department cannot provide a defense of *personal* interests in the investigation itself.[2]

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[2] In unusual situations this Department may, during the pendency of a criminal investigation, provide representation for government employees, including Department of Justice employees, who are defendants in civil actions brought by persons outside the government. In these situations it is possible for the Department to determine that it will be in the interests of the United States to provide a provisional defense for the employees (and hence the United States) until the results of the criminal investigation are known. But this determination does not permit the Department to provide the employees with representation (either directly or through private counsel) for the purpose of defending their personal interests against the government itself in the criminal investigation. From the standpoint of defending the interests of the United States, such a defense is either unauthorized or premature. The same conclusion must be reached with respect to the investigative activities of an Inspector General.